

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| GONG YONG, *a/k/a Yong Bing Gong*, § | | |
| Plaintiff, § | | |
| vs. § | CIVIL ACTION NO. 9:21-3103-MGL | |
| § | | |
| WARDEN FCI EDGEFIELD, § | | |
| COMMISSIONER OF THE UNITED § | | |
| STATES PAROLE COMMISSION, § | | |
| DIRECTOR OF THE BUREAU OF § | | |
| PRISONS, CASE MANAGER LYONS, § | | |
| CASE MANAGER DANFORTH, § | | |
| COUNSELOR FLOURNOY, § | | |
| UNIT MANAGER GILYARD, and CMC § | | |
| HAUCK, § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORT AND RECOMMENDATION
TO THE EXTENT IT DOES NOT CONTRADICT THIS ORDER**

**I.     INTRODUCTION**

Plaintiff Gong Yong, a/k/a Yong Bing Gong (Yong), filed this lawsuit against Defendants Warden FCI Edgefield, Commissioner of the United States Parole Commission (the Parole Commissioner), Director of the Bureau of Prisons (BOP), Case Manager Lyons, Case Manager Danforth, Counselor Flournoy, Unit Manager Gilyard, and CMC Hauck (collectively, Defendants). Yong brought his claims against Defendants in both their individual and official capacities.

According to Yong, Defendants violated his due process rights. Because Defendants are all federal employees, Yong's constitutional claims are construed as being brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

Liberally construed, in addition to asking for monetary damages, Yong also seeks declaratory and injunctive relief. *See* Complaint at 2-3 ("Yong would like the Honorable Court to recognize the violation of his [Sixth] Amendment right to due process. . . . Yong also asks the Court to order an investigation into his alleged [Sixth] Amendment violation."). Yong is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion to dismiss or, in the alternative, for summary judgment, be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.     FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge filed the Report on March 7, 2023, the Clerk of Court entered Yong's objections on April 6, 2023, and Defendants filed a reply on April 19, 2022.

By way of background, Yong "was sentenced in the Northern District of New York on January 25, 1985, . . . for Kidnapping, Extortion, Conspiracy, and Receipt of Ransom." Report at 2. He "asserts that, at the time of sentencing, he was eligible for parole in ten years; he was denied parole on April 23, 2014; and the Parole Commission was required to have mandatory interim hearings for [him] every 18 to 24 months (which has not happened)." *Id*. at 2 (citation omitted). "Because of the alleged missteps with his parole hearings, [Yong] maintains that Defendants have violated his due process rights in various ways[.]" *Id*.

## IV.     DISCUSSION AND ANALYSIS

As the Court noted above, the Magistrate Judge suggests the Court grant Defendants' motion to dismiss or, in the alternative, for summary judgment. More specifically, the Magistrate Judge recommends the following: any claims against Defendants in their official capacities be dismissed without prejudice for lack of subject matter jurisdiction; the claims against the Parole Commissioner and Director of the BOP be dismissed without prejudice for lack of personal jurisdiction; and summary judgment be granted as to the remaining individual capacity claims based on Yong's failure to exhaust his administrative remedies.

### A.     *Whether the Court should dismiss Yong's official capacity claims*

In Yong's first objection, he maintains the Magistrate Judge erred in suggesting his official capacity claims should be dismissed for lack of subject matter jurisdiction. The Magistrate Judge recommends the Court lacks subject matter jurisdiction over any official capacity claims based on the sovereign immunity doctrine.

Yong maintains, however, that his claims fall under the Administrative Procedure's Act (APA), which provides, in relevant part, as follows:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning

3

> of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702.

In Defendants reply to Yong's objections, they assert that the Court is not required to address Yong's APA argument inasmuch as Yong neglected to present it to the Magistrate Judge. They cite to several district courts that have stated as much. *See, e.g. ContraVest v. Mt. Hawley Insurance Co*. 273 F. Supp. 3d 607, 620 (D.S.C. 2017) ("A [Magistrate Judge's] decision should not be disturbed on the basis of arguments not presented to him."); *Dune v. G4s Regulated Sec. Sols., Inc*., No. 0:13-cv-01676, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015) ("The Court is not obligated to consider new arguments raised by a party for the first time in objections to the [Magistrate Judge's] Report."). But, the Court respectfully disagrees with Defendants and those district courts on this matter.

The Federal Magistrate's Act (the Act) provides that a district court, when reviewing a Magistrate Judge's Report and Recommendation, "shall make a de novo determination of those portions of the [R]eport or specified proposed findings or recommendations to which objection is made[.]" 28 U.S.C. § 636(b)(1). "[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the [Magistrate Judge]." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (footnote omitted).

This is so because, "[b]y definition, de novo review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to de novo review must

be permitted to raise before the [C]ourt any argument as to that issue that it could have raised before the [Magistrate Judge]." *Id*.

The Act also states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. The judge may also receive further evidence or recommit the matter to the [M]agistrate [J]udge with instructions." 28 U.S.C. § 636(b)(1). Consequently, "[b]ecause Congress used the permissive term 'may' in connection with the receipt of additional evidence, the question of whether to consider such evidence rests within the sound discretion of the district court." *Chao*, 306 F.3d at 183 n.9.

In light of what the Court will construe to be Yong's APA equitable and declaratory judgment claims, it appears Defendants, in their official capacities, lack sovereign immunity as to these claims against them. *See California ex rel. Imperial Cnty. Air Pollution Control Dist. v. U.S. Dept. of the Interior*, 767 F.3d 781, 792 (9th Cir. 2014). ("Plaintiffs requested declaratory and injunctive relief, and the [APA] abrogates immunity for actions seeking relief 'other than money damages[.]'" (quoting 5 U.S.C. § 702)); *see also Hubbard v. U.S. E.P.A. Adm'r*, 809 F.2d 1, 11 (D.C. Cir. 1986) ("Because 5 U.S.C. § 702 waives sovereign immunity from suits not seeking money damages, federal courts have jurisdiction to grant equitable relief to remedy agency violations of constitutional rights.").

"An extremely important and well-established exception to the principle of sovereign immunity is that suits [seeking injunctions] against government officers are not barred." Erwin Chemerinsky, Federal Jurisdiction § 9.2.2 (5th ed. 2007).

Accordingly, the Court concludes Yong's APA equitable and declaratory judgment claims against Defendants in their official capacities are not barred by sovereign immunity. As such, the Court will sustain Yong's objection in this regard. Nevertheless, although the APA allows for relief 'other than money damages[,]'" 5 U.S.C. § 702, "no money damages are available" in a *Bivens*

action "against either agencies or officials in their official capacity." *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002). (emphasis omitted).

### B. Whether the Court should dismiss the claims against the Parole Commissioner and the Director of the BOP for lack of personal jurisdiction

In Yong's second objection, he claims the Magistrate Judge erred in recommending the Court lacks personal jurisdiction over the Parole Commissioner and the Director of the BOP. According to Defendants, however, Yong "has not established a prima facie case for personal jurisdiction against [the] Parole Commissioner and [the] Director of the BOP." Defendants' Reply at 2 (internal quotation marks omitted).

"When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Further, when the question of personal jurisdiction is raised, the Court must determine it at the onset. *See Jordan*, 921 F.3d at 187 ("[E]ven though personal jurisdiction may be waived, if it is timely raised, it . . . takes priority over the merits.").

According to Yong, "the Court should exercise personal jurisdiction over these defendants for [two] reasons: (1) the South Carolina's, long arm statute confers jurisdiction and (2) the Court exercising its jurisdiction is consistent with constitutional due process." Objections at 4. "For instance," Yong states, "these defendants conduct contractual business in  the state of South Carolina.  Furthermore, the due process clause supports the Court exercising its jurisdiction.  Accordingly, the [Magistrate Judge's] recommendation should be overruled." *Id*. at 4-5.

Neither Yong's conclusory statements concerning the Court's supposed personal jurisdiction over the Parole Commissioner and the Director of the BOP, nor his vague allegation that "these defendants conduct contractual business in  the state of South Carolina," *id*., are sufficient to convince the Court the Magistrate Judge erred in suggesting the Court lacks personal jurisdiction

over these two defendants.  Consequently, the Court will also overrule Yong's second objection and dismiss all claims against the Parole Commissioner and the Director of the BOP.

        C.       ***Whether the Court should dismiss Yong's remaining claims for failure to exhaust his administrative remedies***

Yong's third objection is that his claims should not be dismissed for failure to exhaust.  Yong states in conclusory fashion that "the Administrative Remedy is not available."  Objections at 5.  In Defendants' reply, they state that Yong's "new contentions regarding exhaustion should be rejected by the Court because they were not raised before the Magistrate Judge."  But again, the Court respectfully disagrees with this argument.

"All available remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective."  *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citation omitted) (internal quotation marks omitted).  "There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act (PLRA)] and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself."  *Id*. at 218 (citation omitted) (internal quotation marks omitted).

Although the PLRA requires prisoners to exhaust "such administrative remedies as are available" prior to filing suit in federal court challenging prison conditions, 42 U.S.C. § 1997e(a), "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

The Supreme Court has recognized three scenarios in which administrative remedies are unavailable.  "First, . . . an administrative procedure is unavailable when (despite what regulations

or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. at 1859.

Second, an administrative scheme is unavailable when it is "so opaque that it becomes, practically speaking, incapable of use.  In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*.  Or, stated differently, [w]hen rules are so confusing that no reasonable prisoner can use them, then they're no longer available." *Id*. (citation omitted) (internal quotation marks omitted) (alteration omitted).

And third, administrative are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*.

Yong has failed to establish that any of these three situations are present here.  Instead, Yong maintains that, "[i]n this case, Defendants are consistently unwilling to provide relief, because they are defendants and liable.  In other words, the conflict of interest renders the administrative process unavailable."  *Id.* at 5-6.

Although not altogether clear, it appears Yong may be arguing administrative remedies were unavailable to him because it would be futile for him to avail himself to them.  But, that argument is foreclosed by Supreme Court precedent.  *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Simply put, Yong's conclusory contention administrative remedies were unavailable is unconvincing.  Thus, the Court will overrule Yong's third objection, too.

### D.     *Whether Fed. R. Civ. P. 12(b)(1) is inapplicable in this case*

In Yong's fourth objection, he contends Fed. R. Civ. P. 12(b)(1) is inapplicable.  According to him, "the Court has subject matter jurisdiction, and the complaint states a claim.  Accordingly, the Magistrate Judge's recommendation to [g]rant the [m]otion to [d]ismiss[ ] should be overruled."

8

Objections at 7.  Defendants fail to address Yong's fourth objection in their reply.

The Court can decide the sovereign immunity questions presented here without opining on this issue.  Therefore, the Court will overrule Yong's fourth objection, as well.

## V.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Yong's objections, except as noted above, adopts the Report to the extent it does not contradict this Order, and incorporates it herein.

Therefore, it is the judgment of this Court Defendants' motion is **GRANTED** as provided herein.  As such,  Defendants' motion is (1) **GRANTED** as to Yong's monetary claims against Defendants in their official capacities based on the doctrine of sovereign immunity; (2) **GRANTED** as to the Parole Commissioner and Director of the BOP for lack of personal jurisdiction; and (3) **GRANTED** as to the remaining claims because of Yong's failure to exhaust his administrative remedies.

All of these claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 25th day of July, 2023, in Columbia, South Carolina.

                                                  /s/ Mary Geiger Lewis
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.